FILED

Aug 27   1 ፡፡ PH '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALAN RICHARDSON and WILLIAM SALISBURY, on behalf of themselves and on behalf of the other similarly situated former employees of Defendant, )<br><br>Plaintiffs, )<br><br>v. )<br><br>DELTA INDUSTRIES, INC. )<br><br>Defendant. ) | CIVIL ACTION NO. 303 CV 0891 JBA |

*(left margin, handwritten/stamped, vertical):* 3 - 891 McGran   (Janet Bond Arterton, U.S.D.J.)   See Order entered this date.   10/24/03:  Joint Motion GRANTED.   IT IS SO ORDERED.   New Haven, CT

### JOINT MOTION FOR ORDER
### (1) PRELIMINARILY APPROVING THE STIPULATION OF SETTLEMENT;
### (2) CERTIFYING A TEMPORARY CLASS FOR PURPOSE OF SETTLEMENT;
### AND (3) APPROVING FORM AND MANNER
### OF NOTICE TO CLASS OF THE STIPULATION OF SETTLEMENT

Delta Industries, Inc. ("Delta"), by and through its counsel, Halloran & Sage LLP, and

Alan Richardson and William Salisbury ("Named Claimants") by and through their counsel,

Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C. and Lankenau & Miller, LLP ("Class

Counsel") submit this Joint Motion. Pursuant to this Motion, the parties seek the Court's (1)

preliminary approval of the Stipulation of Settlement; (2) certification of a temporary class for

the purpose of settlement; and (3) approval of the form and contents of the Notice Of Proposed

Settlement and the manner of service of the Notice of Proposed Settlement ("Notice"). A true

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and correct copy of the Notice is attached hereto as Exhibit A. In support of the Joint Motion, the parties respectfully submit the following:

### Jurisdiction

1.     This Court has jurisdiction over this Joint Motion under 28 U.S.C. §§1331 and 29 U.S.C. §2104.  Venue of this proceeding and this Joint Motion is proper in this district pursuant to 29 U.S.C. §2104(a)(5).

### Background

2.     On or about May 20, 2003, the Named Claimants filed the captioned litigation, in which they asserted claims and alleged that certain wages and benefits are owed to them and certain of Delta's other former employees under the WARN Act.[1] Delta and the Named Claimants, through their counsel, have negotiated a proposed Stipulation of Settlement ("Stipulation"), attached hereto as Exhibit B, that, upon execution, Court approval and the occurrence of certain conditions, will resolve all issues among Delta, the Named Claimants, and the other putative class members (the Named Claimants and the other putative class members are collectively referred to herein as the "Class" or "Class Claimants") relating to the WARN Act claims arising from Delta's mass layoff of the Class Claimants in April 2002.

### Relief Requested

3.     By this Joint Motion, Delta and the Named Claimants seek the entry of an order, submitted simultaneously with the Joint Motion, (1) preliminarily approving the Stipulation for

---

[1] The WARN Act refers to 29 U.S.C. §§ 2101 *et. seq.*, which is commonly known as the Workers' Adjustment and Retraining Notification Act or the WARN Act.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Settlement; (2) certifying a temporary class for purposes of settlement; and (3) approving the form and contents of the Notice and the manner of service upon the Class.

### Basis for Relief

4.      There appear to be significant, complex issues regarding the application of the WARN Act and the various cases and regulations interpreting the WARN Act and regarding the viability of the class claim. To avoid extensive, costly litigation over these issues, Delta and the Named Claimants on their own behalf and on behalf of the Class Claimants, through their respective counsel, have engaged in significant negotiations regarding a possible consensual resolution of the WARN Act litigation.

5.      As a result of their negotiations, the Named Claimants and Delta wish to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present or future relating to the WARN Act arising from Delta's relationships, of whatever type, with the Class Claimants as detailed in the Stipulation of Settlement and attached hereto. The Stipulation of Settlement is, in all respects, fair, reasonable, and adequate to the Class, and within the authority of the parties and their counsel.

6.      The parties further submit that service of the Notice by first-class mail, postage prepaid, to each member of the Class at the member's last known address as shown on Delta's records is the best notice practicable under all the circumstances.

7.      Rule 23(e) of the Federal Rules of Civil Procedure (the "Federal Rules") mandates that a class action may not be dismissed or compromised without prior notice to the class in a form prescribed by the court. Under Federal Rule 23(c)(2), notice to the class in this

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

case will be the "best practicable notice under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 750 F.2d 86, 90 (3d Cir. 1985). Individual mailings to each class member's last known address has been held appropriate. *White v. National Football League*, 41 F.3d 402, 408 (8th Cir. 1994); *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1983); *Steiner v. Equimark Corp.*, 96 F.R.D. 603, 614 (W.D. Pa. 1983) (individual first class mail is "best notice practicable" under Rule 23(c)(2)); *Trist v. First Federal Saving & Loan Association*, 89 F.R.D. 1, 2 (E.D. Pa. 1980) (individual mail to last known address meets Rule 23(c)(2)).

8.      The parties intend to mail the Notice to all Class Claimants and other parties in interest so that Class Claimants have no less than 31 days to object to the Stipulation from the date of the mailing. The Proposed Notice will be sent by First Class Mail, postage prepaid to the last known address of each of the Class Claimants as reflected in Delta's records. The parties submit that this is plainly sufficient notice.

9.      The contents of the Notice are sufficient. Although no rigid standards govern the contents of notice to class members, the notice here does "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings," *Grunin v. International House of Pancakes*, 513 F.2d 114, 122 (8th Cir.), cert. denied, 423 U.S. 864, 96 S.Ct. 124 (1975), quoting *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F.Supp. 364, 378 (E.D. Pa. 1970), aff'd sub nom, *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3rd Cir. 1971).

– 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

10.    The Notice summarizes the nature of the pending WARN Act litigation and the Stipulation's essential terms.  The Notice also apprises the Class, among other things, that complete information regarding the Stipulation is available upon request from Class Counsel, that any Class Claimant may appear and be heard at the hearing on approval of the Agreement, that Class Claimants may object to the Stipulation, and that the order approving the Stipulation will bind them.

11.    All counsel of record consent to the Court granting this Joint Motion.

**WHEREFORE**, the parties respectfully request that the Court enter the proposed form of order, submitted simultaneously with the Joint Motion, (1) preliminarily approving the Stipulation of Settlement; (2) certifying a temporary class for purpose of settlement; (3) approving the form and manner of the Notice of Proposed Settlement to the Class; and (4) granting the parties any other relief that the Court deems appropriate and necessary.

Respectfully submitted,

DELTA INDUSTRIES, INC.

By: _____
James M. Sconzo
Fed. Bar # 04571 of
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303
Telephone: (860) 522-6103

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, first-class, postage prepaid on this

27th day of August, 2003, to all parties of record as follows:

Gregg D. Adler
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT  06105-2922

Stuart J. Miller
Lankenau & Miller, LLP
1775 Broadway, Suite 610
New York, NY  10019

James M. Sconzo

458809.1(HSFP)

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALAN RICHARDSON and | ) | |
| WILLIAM SALISBURY, on behalf of | ) | |
| themselves and on behalf of the other | ) | |
| similarly situated former | ) | |
| employees of Defendant, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 303 CV 0891 JBA |
| | ) | |
| v. | ) | |
| | ) | |
| DELTA INDUSTRIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE TO ALL EMPLOYEES OF
### DELTA INDUSTRIES, INC.
### <u>WHO WERE TERMINATED ON APRIL 1, 2002</u>

**PLEASE TAKE NOTICE** that the captioned litigation is currently pending in the United States District Court for the District of Connecticut.

**PLEASE TAKE FURTHER NOTICE** the parties to the captioned litigation have reached a proposed settlement under which benefits will be provided to WARN Class Members (as identified below). The Court has approved and authorized publication of this Notice.

### DESCRIPTION OF CLASS

1.    As referred to hereafter in this Notice, **WARN Class Members** are those former Delta employees who were employed at Delta's facilities at 39 Bradley Park Road, East Granby, Connecticut, and who were terminated without cause by Delta as part of a mass layoff ordered by Delta on or about April 1, 2002. The sixty-one (61) WARN Class Members are listed on the attached Schedule A.

### DESCRIPTION OF THE LITIGATION

2.    The complaint which initiated the captioned litigation alleges that each of the WARN Class Members is entitled to pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (2001) (the **"WARN Act"**).

3.    Counsel to Delta and the WARN Class Members disagree as to whether Delta has any liability under the WARN Act. Based on statutory exceptions to liability under the WARN Act,

1

Delta has asserted, among other things, that under the "unforeseen business circumstances" exception, Delta has no liability under the WARN Act. Delta further asserts that Delta's severance payments to WARN Class Members met or exceeded its obligation (if any) under the WARN Act. The Named Claimants dispute Delta's position.

4.    The Court has temporarily certified the captioned litigation as a class action for purposes of settlement and has approved this notice.

5.    All WARN Class Members who opt out of the Class are precluded from receiving benefits under the proposed settlement described herein.

## COUNSEL FOR PLAINTIFFS AND DEFENDANT

6.    The Court appointed Lankenau & Miller, LLP as Class Counsel for purposes of this proposed settlement. For purpose of this proposed settlement, all inquiries or correspondence from or concerning WARN Class Members should be directed to Stuart J. Miller, Esq., of the law firm of Lankenau & Miller, LLP, 1775 Broadway, Suite 610, New York, New York, 10019, (212) 581-5005.

7.    Defendant's counsel is John S. Monical, Esq. and Raymond E. Saunders, Esq., of the law firm of Lawrence, Kamin, Saunders & Uhlenhop, L.L.C, 208 South LaSalle Street, Suite 1750, Chicago, Illinois 60604, (312)372-1947.

## THE PROPOSED SETTLEMENT

8.    The following description of the proposed Stipulation of Settlement, which has been preliminarily approved by the Court, is only a summary. You may request a copy of the complete Stipulation of Settlement from Class Counsel (Attorney Miller) at the address shown in Paragraph 6 above. (The following discussion is only a summary of the Stipulation of Settlement, and if there is any discrepancy between this summary and the Stipulation of Settlement, the terms of the Stipulation of Settlement are controlling.)

Class Certification. Delta will support the certification of the WARN Class Members as a class with respect to their WARN Act claims for the purpose of settlement and will support certification of the Named Plaintiffs as representatives of the class.

Payments to the WARN Class Members and to Class Counsel. For each WARN Class Member who does not opt out of the Class, Delta will make a payment of Seven Hundred and Fifty Dollars ($750.00), to be distributed as follows:

(i)     The amount of Five Hundred Dollars ($500.00), subject to withholding, directly to each WARN Class Member; and

(ii)    The amount of Two Hundred and Fifty Dollars ($250.00) directly to Class Counsel as attorneys' fees.

2

Each Named Claimant shall receive from Delta an additional One Thousand Dollars ($1,000.00) as compensation for representing the Class. Payment to the Class and Class Counsel shall be made within 30 days of entry of a final order approving this Settlement.

Releases. The WARN Class Members will release, acquit, cancel, waive and discharge Delta, together with all of its officers, employees, directors, attorneys, accountants, and other agents, from any and all future claims, obligations, and causes of action, of any type, including, but not limited to, those asserted in the captioned litigation.

Conditions to Consummation. The Stipulation of Settlement will not become effective until a Court Order is received from the United States District Court for the District of Connecticut approving such agreement. See paragraph 10 below for information about the approval.

## RELEASE OF DEFENDANTS

9.      Upon final approval by the Court, the Stipulation of Settlement will result in the dismissal of the litigation, on the merits and with prejudice to all WARN Class Members, and shall constitute a release by each and every WARN Class Member of all claims which have been or might have been asserted by any WARN Class Member against Delta.

10.     Approval of the Stipulation of Settlement will bar and permanently enjoin all Class Members from prosecuting, commencing, or continuing any claims, whether in this Court or any other jurisdiction, and any individual or class WARN Act Claims which have been or might have been asserted.

## YOUR OPTION TO NOT PARTICIPATE

11.     **On _____, 2003, the court shall conduct a hearing to consider final approval of the Stipulation of Settlement. If you wish to elect to opt out of the proposed class or to object to the proposed settlement, you may do so by filing a notice of your election or objection with the Court no later than 14 days before the hearing. Should you wish to opt out of the class or object, you should also send notice to the following addresses:**

Lawrence, Kamin, Saunders
 & Uhlenhop, L.L.C.
208 S. LaSalle St., Suite 1750
Chicago, IL  60604

Lankenau & Miller, LLP
Attn:  Stuart J. Miller
1775 Broadway, Suite 610
New York, NY  10019

**If you do not opt out of the proposed class, any judgment or order of the Court incorporating the proposed Stipulation of Settlement—whether favorable to you or not—will be binding upon you.**

**Any notice of election or objection not filed by 4:00 p.m. Eastern Time on _____, 2003 will not be considered by the Court. Further, any objection filed by a WARN Class Member will be construed as an election to opt out of the proposed class.**

3

## MAILING AND FUTURE NOTICES

**12.**    If the Stipulation of Settlement is approved, notice of such approval will be provided to each WARN Class Member by Class Counsel or as otherwise ordered by the Court.

## OTHER INFORMATION

**13.**    The issuance of this Notice does not indicate, and is not intended to indicate, that the Court has or has expressed any opinion as to the respective claims or defenses asserted by the parties in the litigation.

**14.**    You may obtain copies of all pleadings to be filed in connection with the Stipulation of Settlement, as well as a copy of the Stipulation of Settlement itself, at no cost to you. Requests for more information should be sent by first-class mail to Attorney Miller's attention as Class Counsel, at the address indicated in Paragraph 6 above. Please do not write to or call the Court or Defendant's counsel concerning this matter.

200086.1/89762

E:\Active Matters\Delta Industries\Settlement\S. Miller Revisions\Notice to Employees - Final.DOC

4

## SCHEDULE A
## TO NOTICE TO ALL EMPLOYEES OF
## DELTA INDUSTRIES, INC. WHO WERE TERMINATED ON APRIL 1, 2002

### WARN Class Members

| Last Name | First Name |
|---|---|
| Adams | George R |
| Agron | Angel |
| Bell | Stephen |
| Beltrandi | John |
| Beninato | Michael |
| Berozsky | Richard |
| Buckingham | Karl |
| Chouinard | Paul E |
| Curtis | Jeanne M. |
| Dube | Daniel |
| Ezold | William |
| Fiuk | Janusz |
| Gatzen | Robert |
| George | Desmond |
| Gerzon | Boris |
| Harris | Steve |
| Heinig | Jeffrey |
| Hixson | Steven |
| Jones | Jill |
| Keefe | Teresa |
| Kohler | James |
| Krzykowski | Andrew |
| Krzykowski | Stephen |
| LaCosse | Todd |
| Lamothe | Jeffrey |
| Latham | Jack W. |
| Levesque | Clovis |
| Lucas | Gregory |
| Lukomsky | Serge |
| Lyon | James |
| Machaj | Roman |
| Madore | Andrew |
| Martier | Karen |

| Last Name | First Name |
|-----------|------------|
| Mastriani | Vincent |
| McKenzie | Jason |
| Moryl | Rafal |
| Nerine | Jeffrey |
| Nguyen | Dat |
| Nolan Jr | John |
| Oliva | Luis |
| Osowiecki | Donald R |
| Owens | Gary |
| Parnagian | Michael |
| Patterson | Scott |
| Phan | Hai |
| Phan | Ho |
| Piziak | Robert |
| Ramos | Antonio |
| Richardson | Alan |
| Rothwell | David |
| Salisbury | William J |
| Sanders | James |
| Shabazz | Saad |
| Sobolewski | Stanislaw |
| St. Germain | Daniel |
| Strzepek | Edward |
| Taylor | Wayne |
| Tomasauckas | Todd |
| Vo | Tony |
| Vu | Nguyen |
| Watts | James |

F:\Active Matters\Delta Industries\Settlement\S. Miller Revisions\Notice to Employees - Final.DOC

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALAN RICHARDSON and | ) | |
| WILLIAM SALISBURY, on behalf of | ) | |
| themselves and on behalf of the other | ) | |
| similarly situated former | ) | |
| employees of Defendant, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 303 CV 0891 JBA |
| | ) | |
| v. | ) | |
| | ) | |
| DELTA INDUSTRIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the **"Stipulation"**), is entered into between Delta Industries, Inc. ("Delta") and Alan Richardson and William Salisbury (the "Named Claimants") on behalf of themselves and on behalf of the other similarly situated former employees of Delta (together with the Named Claimants, the **"WARN Class Claimants"**), by and through their respective counsel, and provides as follows:

**WHEREAS**, on or about May 20, 2003, the Named Claimants, by their counsel, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C. and Lankenau & Miller, LLP (collectively, "Claimants' Counsel"), initiated the captioned litigation asserting claims purportedly on behalf of the WARN Class Claimants against Delta for violations of the WARN Act;

**WHEREAS,** the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§101-2109 (2001) (the **"WARN Act"**) requires employers having 100 or more full-time employees to provide written notice of a plant closing or mass layoff if the shut-down or layoff would result in

1

an employment loss during any 30-day period for 50 or more employees (excluding part-time employees) that comprise more than 33% of the workforce;

**WHEREAS,** Delta hereby represents that a true and complete list of the WARN Class Claimants is attached hereto as Schedule A.   Delta believes that Schedule A identifies all employees of Delta affected by Delta's mass layoff (as that term is defined in the WARN Act) in or around April 1, 2002;

**WHEREAS,** counsel for Delta and the WARN Class Claimants disagree as to whether Delta has any obligation or liability under the WARN Act with respect to the WARN Class Claimants or the claims asserted in the litigation.   Among other things, the parties disagree as to whether Delta may have met the requirements of statutory exceptions to liability under the WARN Act, including the "unforeseen business circumstances" statutory exception, and whether Delta therefore either provided timely notice and/or whether Delta's severance payments to the WARN Class Claimants met or exceeded its obligation (if any) under the WARN Act;

**WHEREAS,** counsel for Delta and the WARN Class Claimants disagree as to whether certain of the WARN Class Claimants are truly similarly situated;

**WHEREAS,** there appear to be significant, complex issues regarding the application of the WARN Act and the various cases and regulations interpreting the WARN Act and the viability of the class claim. To avoid extensive, costly litigation over these issues, Delta and the WARN Class Claimants, through their respective counsel, have engaged in significant negotiations regarding a possible consensual resolution of the captioned litigation; and

**WHEREAS,** Delta and the WARN Class Claimants (collectively, the **"Parties"**) have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present or future, either relating to the WARN Act or asserted in

2

the captioned litigation or arising out of the employment relationship or termination of employment relationship between Delta and the WARN Class Claimants;

**NOW, THEREFORE**, in consideration of the mutual promises and agreements set forth herein and as inducements therefore, the Parties hereby stipulate and agree to the following:

1.    That the Court certify a temporary class consisting of the individuals listed on **Schedule A** attached hereto (the **"WARN Class Members"**).

2.    That the Court appoint the undersigned law firm of Lankenau and Miller, LLP as class counsel (**"Class Counsel"**) for the WARN Class Members.

3.    For each WARN Class Member who does not opt out of the Class, Delta will make a payment of Seven Hundred and Fifty Dollars ($750.00), to be distributed as follows:

   (i)    The amount of Five Hundred Dollars ($500.00), subject to withholding, directly to each WARN Class Member; and

   (ii)    The amount of Two Hundred and Fifty Dollars ($250.00) directly to Class Counsel as attorneys' fees.

Each Named Claimant shall receive from Delta an additional One Thousand Dollars ($1,000.00) as compensation for representing the Class. Payment to the Class and Class Counsel shall be made within 30 days of entry of a final order approving this Settlement. Each WARN Class Member agrees that should a federal, state, or local taxing authority rule that taxes, including withholding, are due on any payment described in this paragraph, he shall be liable for any taxes attributable to payments made to or on behalf of the individual WARN Class Member and will indemnify and defend Delta in full should any taxing authority hold Delta liable as a result of Delta's not withholding any portion of such

3

payment. Delta shall not be required to dispute such assessment but shall notify the WARN Class Member or his counsel.

4.  Except for the rights arising out of, provided for, or reserved in this Stipulation, the WARN Class Claimants, for and on behalf of themselves and their respective predecessors, successors, assigns, affiliates and subsidiaries (collectively, the **"Releasing Parties"**), do hereby fully and forever release and discharge Delta, its predecessors, successors, assigns, officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the **"Released Parties"**), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, that the Releasing Parties may now have or hereafter may have against the Released Parties, including, but not limited to, those asserted in the captioned litigation.

5.  Delta's Counsel shall timely cause a motion to be filed with the Court for an order approving this Stipulation and shall provide to Class Counsel the last known address of each WARN Class Member. Class Counsel shall give due notice to all WARN Class Claimants. All notices and disbursements to the WARN Class Members will be directed to such address. Delta shall further assist with the preparation of the motion and the giving of notice as reasonably requested by Class Counsel.

4

6.  Upon the execution of this Stipulation by the Parties and entry of the final order approving the Stipulation, this Stipulation shall hereby become final and binding. In the event that a final order approving this Stipulation is not entered, the Stipulation shall be without force and effect, and no portion of the Stipulation shall be admissible in any proceeding between or among the Parties or the WARN Class Claimants.

7.  The rights and obligations of any party who elects to opt out of his or her proposed inclusion as a WARN Class Member (a "**Nonparticipant**") will be unaffected by this Stipulation and will have the same rights and obligations as the Nonparticipant would have had if the captioned litigation had never been filed and this Stipulation had never been executed. A Nonparticipant shall not receive any payments pursuant to this Stipulation. Delta reserves all of its rights and defenses with respect to any Nonparticipant.

8.  The Parties agree that they are compromising and settling disputed claims. Each of the Parties shall bear its own attorney fees, expenses, and court costs except as otherwise provided herein. Delta and each WARN Class Member agree not to commence or continue any lawsuit, arbitration, or other proceeding that contests, disputes, or is inconsistent with any provision of this Stipulation.

9.  This Stipulation shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of Delta and each WARN Class Member to the fullest extent under the law.

10. This Stipulation shall be construed pursuant to the laws of the State of Connecticut and decisions thereunder.

5

11.  This Stipulation sets forth the entire agreement and understanding between and among Delta and each WARN Class Member as to the subject matter hereof and supersedes all previous agreements and discussions between or among the Parties as to the matters herein addressed.

12.  This Stipulation may be executed in two (2) or more counterparts, each of which shall be deemed an original but all of which together shall constitute but one agreement.  This Stipulation may be executed by facsimile, and such facsimile signature shall be treated as an original signature hereunder.

13.  This Stipulation has been prepared by the joint efforts of the respective attorneys for each of the Parties.  Each and every provision of this Stipulation shall be construed as though each and every party hereto participated equally in the drafting hereof, and without reference to or application of any rule, precedent, or doctrine to the effect that documents are to be construed against the drafting party.

14.  The Parties may not waive, amend, or modify any provision of this Stipulation except by a written agreement signed by all of the Parties, and subject to Court approval.  A waiver or amendment of any provision of this Stipulation will not constitute a waiver of any other provision.

15.  This Stipulation is intended to settle and dispose of contested claims. Nothing herein shall be construed as an admission by any Party of any liability of any kind with respect to any claim or other Party.

Effective Date: August ___, 2003.


**Delta Industries, Inc.**                                  **Alan Richardson and William Salisbury, on**

6

By: _John S. Monical_

    Raymond E. Saunders
    John S. Monical
    Lawrence, Kamin, Saunders &
      & Uhlenhop, L.L.C.
    208 S. LaSalle St., Suite 1750
    Chicago, IL  60604
    **Attorney for Delta Industries, Inc.**

**behalf of themselves and on behalf of the WARN Class Claimants**

By: _____

    Stuart J. Miller
    Lankenau & Miller, LLP
    1775 Broadway, Suite 610
    New York, New York 10019
    **Attorney for WARN Class Claimants**

200086.1/89758

F:\Active Matters\Delta Industries\Settlement\D-Stipulation of Settlement (7-23-03).DOC

7

## SCHEDULE A
## TO STIPULATION OF SETTLEMENT

### WARN Class Members

| Last Name | First Name |
| --- | --- |
| Adams | George R |
| Agron | Angel |
| Bell | Stephen |
| Beltrandi | John |
| Beninato | Michael |
| Berozsky | Richard |
| Buckingham | Karl |
| Chouinard | Paul E |
| Curtis | Jeanne M. |
| Dube | Daniel |
| Ezold | William |
| Fiuk | Janusz |
| Gatzen | Robert |
| George | Desmond |
| Gerzon | Boris |
| Harris | Steve |
| Heinig | Jeffrey |
| Hixson | Steven |
| Jones | Jill |
| Keefe | Teresa |
| Kohler | James |
| Krzykowski | Andrew |
| Krzykowski | Stephen |
| LaCosse | Todd |
| Lamothe | Jeffrey |
| Latham | Jack W. |
| Levesque | Clovis |
| Lucas | Gregory |
| Lukomsky | Serge |
| Lyon | James |
| Machaj | Roman |
| Madore | Andrew |
| Martier | Karen |

| Last Name | First Name |
|-----------|------------|
| Mastriani | Vincent |
| McKenzie | Jason |
| Moryl | Rafal |
| Nerine | Jeffrey |
| Nguyen | Dat |
| Nolan Jr | John |
| Oliva | Luis |
| Osowiecki | Donald R |
| Owens | Gary |
| Parnagian | Michael |
| Patterson | Scott |
| Phan | Hai |
| Phan | Ho |
| Piziak | Robert |
| Ramos | Antonio |
| Richardson | Alan |
| Rothwell | David |
| Salisbury | William J |
| Sanders | James |
| Shabazz | Saad |
| Sobolewski | Stanislaw |
| St. Germain | Daniel |
| Strzepek | Edward |
| Taylor | Wayne |
| Tomasauckas | Todd |
| Vo | Tony |
| Vu | Nguyen |
| Watts | James |