UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALAN RICHARDSON and ) <br> WILLIAM SALISBURY, on behalf of ) <br> themselves and on behalf of the other ) <br> similarly situated former ) <br> employees of Defendant, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DELTA INDUSTRIES, INC. ) <br> ) <br>       Defendant. ) | CIVIL ACTION NO. 303 CV 0891 (JBA) <br><br><br> JANUARY 12, 2004 |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (the "**Stipulation**"), is entered into between Delta Industries, Inc. ("Delta") and Alan Richardson and William Salisbury (the "Named Claimants") on behalf of themselves and on behalf of the other similarly situated former employees of Delta (together with the Named Claimants, the "**WARN Class Claimants**"), by and through their respective counsel, and provides as follows:

**WHEREAS**, on or about May 20, 2003, the Named Claimants, by their counsel, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C. and Lankenau & Miller, LLP (collectively, "Claimants' Counsel"), initiated the captioned litigation asserting claims purportedly on behalf of the WARN Class Claimants against Delta for violations of the WARN Act;

**WHEREAS,** the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§101-2109 (2001) (the "**WARN Act**") requires employers having 100 or more full-time employees to provide written notice of a plant closing or mass layoff if the shut-down or layoff would result in

1

an employment loss during any 30-day period for 50 or more employees (excluding part-time employees) that comprise more than 33% of the workforce;

**WHEREAS,** Delta hereby represents that a true and complete list of the WARN Class Claimants is attached hereto as Schedule A. Delta believes that Schedule A identifies all employees of Delta affected by Delta's mass layoff (as that term is defined in the WARN Act) in or around April 1, 2002;

**WHEREAS,** counsel for Delta and the WARN Class Claimants disagree as to whether Delta has any obligation or liability under the WARN Act with respect to the WARN Class Claimants or the claims asserted in the litigation. Among other things, the parties disagree as to whether Delta may have met the requirements of statutory exceptions to liability under the WARN Act, including the "unforeseen business circumstances" statutory exception, and whether Delta therefore either provided timely notice and/or whether Delta's severance payments to the WARN Class Claimants met or exceeded its obligation (if any) under the WARN Act;

**WHEREAS,** counsel for Delta and the WARN Class Claimants disagree as to whether certain of the WARN Class Claimants are truly similarly situated;

**WHEREAS,** there appear to be significant, complex issues regarding the application of the WARN Act and the various cases and regulations interpreting the WARN Act and the viability of the class claim. To avoid extensive, costly litigation over these issues, Delta and the WARN Class Claimants, through their respective counsel, have engaged in significant negotiations regarding a possible consensual resolution of the captioned litigation; and

**WHEREAS,** Delta and the WARN Class Claimants (collectively, the "**Parties**") have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present or future, either relating to the WARN Act or asserted in

the captioned litigation arising out of the employment relationship or termination of employment relationship between Delta and the WARN Class Claimants;

**NOW, THEREFORE**, in consideration of the mutual promises and agreements set forth herein and as inducements therefore, the Parties hereby stipulate and agree to the following:

1. That the Court certify a temporary class consisting of the individuals listed on **Schedule A** attached hereto (the "**WARN Class Members**").

2. That the Court appoint the undersigned law firm of Lankenau and Miller, LLP as class counsel ("**Class Counsel**") for the WARN Class Members.

3. For each WARN Class Member who does not opt out of the Class, Delta will make a payment of Seven Hundred and Fifty Dollars ($750.00), to be distributed as follows:

    (i) The amount of Five Hundred Dollars ($500.00), subject to withholding, directly to each WARN Class Member; and

    (ii) The amount of Two Hundred and Fifty Dollars ($250.00) directly to Class Counsel as attorneys' fees.

Each Named Claimant shall receive from Delta an additional One Thousand Dollars ($1,000.00) as compensation for representing the Class. Payment to the Class and Class Counsel shall be made within 30 days of entry of a final order approving this Settlement. Each WARN Class Member agrees that should a federal, state, or local taxing authority rule that taxes, including withholding, are due on any payment described in this paragraph, he shall be liable for any taxes attributable to payments made to or on behalf of the individual WARN Class Member and will indemnify and defend Delta in full should any taxing authority hold Delta liable as a result of Delta's not withholding any portion of such

payment. Delta shall not be required to dispute such assessment but shall notify the WARN Class Member or his counsel.

4. Except for the rights arising out of, provided for, or reserved in this Stipulation, the WARN Class Claimants, for and on behalf of themselves and their respective predecessors, successors, assigns, affiliates and subsidiaries (collectively, the "**Releasing Parties**"), do hereby fully and forever release and discharge Delta, its predecessors, successors, assigns, officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "**Released Parties**"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, that the Releasing Parties may now have or hereafter may have against the Released Parties either relating to the WARN Act or asserted in the captioned litigation arising out of the employment relationship or termination of employment relationship between Delta and the WARN Class Claimants.

5. Delta's Counsel shall timely cause a motion to be filed with the Court for an order approving this Stipulation and shall provide to Class Counsel the last known address of each WARN Class Member. Class Counsel shall give due notice to all WARN Class Claimants. All notices and disbursements to the WARN Class Members will be directed to such address. Delta shall further assist with the

preparation of the motion and the giving of notice as reasonably requested by Class Counsel.

6. Upon the execution of this Stipulation by the Parties and entry of the final order approving the Stipulation, this Stipulation shall hereby become final and binding. In the event that a final order approving this Stipulation is not entered, the Stipulation shall be without force and effect, and no portion of the Stipulation shall be admissible in any proceeding between or among the Parties or the WARN Class Claimants.

7. The rights and obligations of any party who elects to opt out of his or her proposed inclusion as a WARN Class Member (a "**Nonparticipant**") will be unaffected by this Stipulation and will have the same rights and obligations as the Nonparticipant would have had if the captioned litigation had never been filed and this Stipulation had never been executed. A Nonparticipant shall not receive any payments pursuant to this Stipulation. Delta reserves all of its rights and defenses with respect to any Nonparticipant.

8. The Parties agree that they are compromising and settling disputed claims. Each of the Parties shall bear its own attorney fees, expenses, and court costs except as otherwise provided herein. Delta and each WARN Class Member agree not to commence or continue any lawsuit, arbitration, or other proceeding that contests, disputes, or is inconsistent with any provision of this Stipulation.

9. This Stipulation shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of Delta and each WARN Class Member to the fullest extent under the law.

10. This Stipulation shall be construed pursuant to the laws of the State of Connecticut and decisions thereunder.

11. This Stipulation sets forth the entire agreement and understanding between and among Delta and each WARN Class Member as to the subject matter hereof and supersedes all previous agreements and discussions between or among the Parties as to the matters herein addressed.

12. This Stipulation may be executed in two (2) or more counterparts, each of which shall be deemed an original but all of which together shall constitute but one agreement.  This Stipulation may be executed by facsimile, and such facsimile signature shall be treated as an original signature hereunder.

13. This Stipulation has been prepared by the joint efforts of the respective attorneys for each of the Parties.  Each and every provision of this Stipulation shall be construed as though each and every party hereto participated equally in the drafting hereof, and without reference to or application of any rule, precedent, or doctrine to the effect that documents are to be construed against the drafting party.

14. The Parties may not waive, amend, or modify any provision of this Stipulation except by a written agreement signed by all of the Parties, and subject to Court approval.  A waiver or amendment of any provision of this Stipulation will not constitute a waiver of any other provision.

15. This Stipulation is intended to settle and dispose of contested claims. Nothing herein shall be construed as an admission by any Party of any liability of any kind with respect to any claim or other Party.

Effective Date:  August 27, 2003.

| Delta Industries, Inc. | Alan Richardson and William Salisbury, on behalf of themselves and on behalf of the WARN Class Claimants |
|---|---|
| By:_____ <br> James M. Sconzo <br> Kevin R. Brady <br> Halloran & Sage LLP <br> One Goodwin Square <br> 225 Asylum Street <br> Hartford, CT 06103 <br> **Attorney for Delta Industries, Inc.** | By:_____ <br> Stuart J. Miller <br> Rene Roupinian <br> Lankenau & Miller, LLP <br> 1775 Broadway, Suite 610 <br> New York, New York 10019 <br> **Attorney for WARN Class Claimants** |

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, first-class, postage prepaid on this \_\_th day of January, 2004, to all parties of record as follows:

Gregg D. Adler
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT  06105-2922

Raymond E. Saunders
John S. Monical
Lawrence, Kamin, Saunders &
 & Uhlenhop, L.L.C.
208 S. LaSalle St., Suite 1750
Chicago, IL  60604

_____
Kevin R. Brady

200086.1/89758

## SCHEDULE A
## TO STIPULATION OF SETTLEMENT

### WARN Class Members

| Last Name | First Name |
|---|---|
| Adams | George R |
| Agron | Angel |
| Bell | Stephen |
| Beltrandi | John |
| Beninato | Michael |
| Berozsky | Richard |
| Buckingham | Karl |
| Chouinard | Paul E |
| Curtis | Jeanne M. |
| Dube | Daniel |
| Ezold | William |
| Fiuk | Janusz |
| Gatzen | Robert |
| George | Desmond |
| Gerzon | Boris |
| Harris | Steve |
| Heinig | Jeffrey |
| Hixson | Steven |
| Jones | Jill |
| Keefe | Teresa |
| Kohler | James |
| Krzykowski | Andrew |
| Krzykowski | Stephen |
| LaCosse | Todd |
| Lamothe | Jeffrey |
| Latham | Jack W. |
| Levesque | Clovis |
| Lucas | Gregory |
| Lukomsky | Serge |
| Lyon | James |
| Machaj | Roman |
| Madore | Andrew |
| Martier | Karen |

| Last Name | First Name |
|---|---|
| Mastriani | Vincent |
| McKenzie | Jason |
| Moryl | Rafal |
| Nerine | Jeffrey |
| Nguyen | Dat |
| Nolan Jr | John |
| Oliva | Luis |
| Osowiecki | Donald R |
| Owens | Gary |
| Parnagian | Michael |
| Patterson | Scott |
| Phan | Hai |
| Phan | Ho |
| Piziak | Robert |
| Ramos | Antonio |
| Richardson | Alan |
| Rothwell | David |
| Salisbury | William J |
| Sanders | James |
| Shabazz | Saad |
| Sobolewski | Stanislaw |
| St. Germain | Daniel |
| Strzepek | Edward |
| Taylor | Wayne |
| Tomasauckas | Todd |
| Vo | Tony |
| Vu | Nguyen |
| Watts | James |

500040.1(HSFP)